[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the court on appeal from a decision from the District Court, where judgment was entered in favor of the defendant in a suit by the plaintiff for unpaid rent. This court's jurisdiction over the present matter is pursuant to Gen. Laws 1956 (1986 Reenactment) § 9-12-10.1.
The relevant facts are as follows. The plaintiff and the defendant entered into a rental agreement on August 11, 1989 regarding property located at 519 Charles Street in Providence, R.I. The agreement provided that the rent would be $300.00 per month, with the understanding that the tenant would make improvements on the rental property. The plaintiff is alleging that the defendant, Dr. Niazmand, has failed to pay rent since December of 1989. As a result, the plaintiff seeks to evict the defendant from the premises. The defendant contends that he is not obligated to pay the rent for the period in question and he is counterclaiming for the expenditures incurred in repairing the plaintiff's property.
The law regarding a landlord's responsibilities with respect to rental properties in this state is clear. Gen. Laws 1956 (1986 Reenactment) § 34-18-22(2) provides that a landlord has an obligation to maintain rental property and to "do whatever is necessary to put and keep the premises in a fit and habitable condition." In addition, § 34-18-22(1) states that a landlord is obligated to "comply with the requirements of applicable building and housing codes affecting health and safety." In regard to agreements between a landlord and a tenant pertaining to repairs and improvements of rental property, § 34-18-22(6)(c) provides in part as follows:
 The landlord and tenant of a dwelling unit may agree in writing that the tenant perform specified repairs, maintenance tasks, alterations and remodeling but only if: (1) the agreement of the parties is entered into in good faith and set forth in a writing signed by the parties and supported by consideration; and (2) the work is not necessary to cure non-compliance with subsection (a)(1) of this section.
More specifically, the reference to subsection (a)(1) above relates to the fact that the responsibility for making repairs that are necessary to ensure compliance with applicable housing codes may never be placed with the tenant. In this regard, pursuant to Gen. Laws 1956 (1986 Reenactment) § 34-18-17(1) and (4), a provision in a rental agreement may not mandate that the tenant forfeits rights or remedies provided by the General Laws of this state. Further, § 34-18-17(b) provides that any such provision contained in a rental agreement is unenforceable.
This court finds that the clause in the lease which purports to place the burden of repairing the property on the defendant tenant is not in accordance with the pertinent statutory law. The clause is therefore unenforceable. Even so, the defendant's counterclaim for the money expended in improving the property must fail. Gen. Laws 1956 (1986 Reenactment) § 34-18-30 is very specific as to the procedure which must be followed before a tenant may deduct the cost of repairs from the rental obligation. These procedures were not adhered to by the defendant in the case at bar. It is also noteworthy that the plaintiff never formally agreed to compensate the defendant for any repairs done on the property.
Furthermore, it is the opinion of this court that the subject property as rented was virtually uninhabitable. To this end, the defendant, as well as his testimony regarding the condition of the subject property and the improvements which were made, were indeed credible. Therefore, given the extent of the disrepair of the building, the court concludes that the defendant was justified in not paying rent and is not presently liable for any arrearages.
Judgment for defendant on plaintiff's claim; judgment for plaintiff on defendant's counterclaim.